IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAYLON RAY COULTER, #58976-177, Plaintiff, v. CHIEF JUDGE LYNN, et al., Defendants. | § § § § § § § § § | No. 3:22-cv-01384-X (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Braylon Ray Coulter, a convicted felon awaiting sentencing in a federal case, brings this *pro se* civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court granted Coulter leave to proceed *in forma pauperis* but has not issued process pending judicial screening. (ECF No. 10.) As explained below, the Court should stay and administratively close this case.

**Background**

Coulter's civil rights claims arise out of the criminal prosecution and resulting conviction in his federal case: *United States v. Coulter*, No. 3:19-cr-68-M-1 (N.D. Tex.). On September 20, 2022, a jury found Coulter guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Coulter*, No. 3:19-cr-68-M-1

1

(N.D. Tex.) (ECF No. 293). His sentencing hearing is scheduled for February 7, 2023. *See id.* (ECF No. 295).

Coulter has been representing himself in the criminal case since April 19, 2021. *See Coulter*, No. 3:19-cr-68-M-1 (ECF No. 155). In that case, on June 7, 2022, Coulter filed a document entitled "Grounds To Move For Judgment Of Acquittal." *See id.* (ECF No. 242). The Court determined Coulter's filing raised civil rights claims and severed those claims into this *pro se* civil rights action under *Bivens*. *See id.* (ECF No. 248).

In his second amended complaint, which is the live pleading in this action, Coulter alleges that Officer Joshua Guzman lacked "reasonable suspicion to prolong [his] traffic stop beyond [the] scope of [the] mission." 2d Am. Comp. 4 (ECF No. 17). Coulter further alleges that Assistant United States Attorney (AUSA) John J. Boyle is "maliciously prosecuting an unjust prosecution" and even suborned perjury. *Id.* He contends that the judge assigned to his federal criminal case, United States District Judge Barbara M. G. Lynn, "misapplied [the] reasonable suspicion" standard. *Id.* Coulter further contends that United States magistrate judge Renee Toliver erred in ordering him detained pending trial. Coulter claims that the evidence in his federal criminal case is woefully insufficient and prejudicial. He further claims that his federal criminal case amounts to little more than a "conspiracy." *Id.* at 6. As relief, Coulter seeks: a preliminary injunction; a

2

monetary reward (treble and punitive damages); and the "dismissal/acquittal" of his federal criminal case.

## Legal Standards and Analysis

### A.

Coulter's second amended complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

And under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes Coulter's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citing *Estelle v.*

3

*Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (noting that allegations in a *pro se* complaint, however inartfully pleaded, are held to less stringent standards than form pleadings drafted by lawyers); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

B.

As relief in this civil rights action, Coulter requests, in part, the Court dismiss his federal criminal charges in *United States v. Coulter*, No. 3:19-cr-68-M-1 (N.D. Tex.) or find him not guilty of those charges. 2d Am. Compl.4 (ECF No. 17). However, these are not remedies available in a civil rights action. And to the extent that Coulter seeks dismissal of his federal criminal case, a civil rights action is not the appropriate means for obtaining that relief. *Id.*

> The Fifth Circuit Court of Appeals has explained:
>
> We have noted that a habeas petition is the proper vehicle to seek release from custody, while a civil rights suit pursuant to 42 U.S.C. § 1983 for a state prisoner or under *Bivens* for a federal prisoner is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. The bright-line rule our court has adopted is that if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle is a civil rights suit.

*Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (quotation marks and footnotes omitted); *see also Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (recognizing a habeas action is appropriate when there is a challenge "to the

4

very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment"); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (recognizing a civil rights action attacks unconstitutional conditions of confinement and prison procedures, and a habeas petition is appropriate when a prisoner seeks release from custody) (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)); *United States v. Carrera*, 2020 WL 7225997, at *4 (N.D. Tex. Dec. 7, 2020) ("Insofar as Carrera seeks judicial review of his conditions of confinement, including the sufficiency of the medical care he is receiving in prison, he may file a civil-rights complaint.") (citing *Melot*, 970 F.3d at 599). And the extent to which a plaintiff requests relief "in the form of dismissal of his criminal charges . . . he is requesting relief which is simply not available under 42 U.S.C. § 1983 [or *Bivens*]." *Reyes v. Hale Cnty. Jail*, 2003 WL 22670929, at *3 (N.D. Tex. Sept. 16, 2003) (citing *Preiser*, 411 U.S. at 475).

## C.

Coulter also attacks the validity of his federal criminal charges in *United States v. Coulter*, No. 3:19-cr-68-M-1 (N.D. Tex.). For instance, he argues that Officer Joshua Guzman did not have "reasonable suspicion" to prolong his traffic stop. 2d Am. Compl. 4 (ECF No. 17). Coulter further

5

argues that Judge Lynn "misapplied" the law regarding "reasonable suspicion" and erred in denying his motion to suppress. *Id.* Coulter contends that Judge Lynn's decision was "bias[ed] and prejudicially influenced." *Id.* at 7. He claims the alleged errors that occurred during the hearing on his motion to suppress violated his "4th Amendment Substantial Right(s)." *Id.*

Coulter's claims attacking his federal criminal charges could be barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

At bottom, "*Heck* requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (citation omitted); *see also Jewell v. Bartlett*, 2022 WL 1129910, at *2-3 (N.D. Tex. Mar. 14, 2022), *rec. adopted* 2022 WL 1128957 (N.D. Tex. Apr. 15, 2022); *Warren v. Mackey*, 2021 WL 5339647, at *2 (N.D. Tex. Oct.

6

22, 2021), *rec. adopted* 2021 WL 5326530 (N.D. Tex. Nov. 15, 2021). *Heck* involved a federal civil rights case under § 1983, but it applies equally to a *Bivens* civil rights action. *Stephenson v. Reno*, 28 F.3d 26 n.1, 27 (5th Cir. 1994) (per curiam).

A favorable judgment in this action would necessarily call into question the validity of Coulter's conviction in *United States v. Coulter*, No. 3:19-cr-68-M-1 (N.D. Tex.). And that is precisely part of the relief he seeks. 2d Am. Compl. (ECF No. 17) at 4. However, it is premature to determine whether *Heck* bars Coulter's civil rights claims because courts have generally not extended *Heck*'s holding to a civil rights action where the plaintiff challenges his arrest and trial before any conviction. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (any claim related to rulings likely to be made in a pending criminal trial should be stayed until the criminal case has ended); *see also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (finding the record was not clear if the plaintiff had been tried or convicted, and it was "premature" to determine if his claims were barred by *Heck*). And a court should stay the civil rights lawsuit until the pending charges have run their course. *Mackey*, 47 F.3d at 746; *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (noting the Court had recently "refused" to extend the application of *Heck* to pending criminal matters and citing the Supreme Court's ruling in *Wallace*, 549 U.S. at 384).

Although a jury has found Coulter guilty in his criminal case, that case has not ended. Indeed, sentencing is still several months away, and Coulter has filed at least eight motions challenging the jury's verdict. Because it is premature for the Court to determine whether *Heck* bars Coulter's civil rights claims, those claims should be stayed until his pending federal criminal case has run its course. See *Profit v. Ouachita Parish*, 411 F. App'x 708, 709 (5th Cir. 2011) (per curiam) (noting with approval the district court stayed a civil case attacking the legality of the detainee's arrest, prosecution, and detention pending the resolution of the criminal charges); *see also Hunter v. Watkins*, 2015 WL 505430, at *4 (N.D. Tex. Jan. 22, 2015) (finding a conviction on the pending state criminal charge would implicate *Heck*, and it was appropriate to recommend a stay of the remaining civil rights claims pending resolution of the criminal charges), *rec. adopted* 2015 WL 509360 (N.D. Tex. Feb. 6, 2015).

## Conclusion

The Court should stay and administratively close this case and instruct Coulter that (1) he must file a motion to reopen the case within 60 days after entry of judgment in his federal criminal court case, and (2) the failure to do so will result in the dismissal without prejudice of this case for failure to prosecute and/or comply with a Court order under Federal Rule of Civil Procedure 41(b).

**SO RECOMMENDED**.

December 12, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).