IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAYLON RAY COULTER, #23016447, | § § § | |
| Plaintiff, | § § | No. 3:22-cv-01384-X (BT) |
| v. | § § | |
| CHIEF JUDGE LYNN, et al., Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Braylon Ray Coulter has filed a "Motion To Reopen" this *pro se* civil rights action. Mot. (ECF No. 29). For the following reasons, the Court should deny Coulter's motion.

**Background**

On June 7, 2022, Coulter filed a document in his federal criminal case, *United States v. Coulter*, No. 3:19-cr-68-M-1 (N.D. Tex.), which the presiding judge determined raised civil rights claims. Accordingly, the judge severed those claims into this civil action. A federal jury subsequently found Coulter guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Before the judge sentenced Coulter, the undersigned United States magistrate judge issued findings and conclusions, recommending the Court stay and administratively close this case because it was premature

1

for the Court to determine whether Coulter's civil rights claims could be barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Although the Court accepted the magistrate judge's findings and recommendation, Ord. (ECF No. 24), it entered a judgment dismissing Coulter's claims with prejudice on February 14, 2023, J. (ECF No. 25). On April 18, 2023, the presiding judge in the criminal case entered a judgment sentencing Coulter to 92 months of imprisonment.[1] Ten days later, Coulter filed a Notice of Appeal challenging his federal conviction and sentence. *United States v. Coulter*, No. 3:19-cr-68-M-1 (N.D. Tex.) (ECF No. 355). The Court received Coulter's Motion to Reopen on June 2, 2023. (ECF No. 29.)

## Legal Standards and Analysis

Coulter moves to reopen his civil case under Federal Rule of Civil Procedure 60(b). Mot. 2, 14-16. Under Rule 60(b), a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Fed. R. Civ. P. 60(b)(1)-(5). The court may also set aside a judgment for "any

---

[1] The judgment provides that his sentence will run concurrently to any sentence imposed in a related state case and consecutively to any sentence imposed in two unrelated state cases. *United States v. Coulter*, No. 3:19-cr-68-M-1 (N.D. Tex.) (ECF No. 352). Coulter is presently in state custody awaiting disposition of those state charges. *See* Mot. 2.

2

other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam).

Here, Coulter invokes Rule 60(b)(4), arguing that he is entitled to set aside the judgment because the court "lacked subject-matter or personal jurisdiction, or [ ] it acted inconsistent with due process." Mot. 16. But Coulter's argument—which is directed at the judgment entered in his criminal case—is misplaced. The judgment to be set aside is the Court's judgment in this case, (ECF No. 25), not the judgment in his federal criminal case, which is on appeal. Coulter has thus failed to meet his burden to establish any of the Rule 60(b) requirements.

Furthermore, to the extent Coulter intends to use this action to bring an unreasonable-search-and-seizure claim against the police officer that initiated the traffic stop that led to his federal criminal conviction, his claim is barred by *Heck*.[2]

---

[2] Coulter argues that there is "a genuine material fact issue" regarding

3

In *Heck*, the Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. At bottom, "*Heck* requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (citation omitted).

Coulter's claim that the July 15, 2018 traffic stop violated his Fourth Amendment rights would imply the invalidity of his conviction. The search yielded evidence that the Government used, along with other facts, to establish probable cause for charging Coulter with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)—the charge on which Coulter was later convicted. If Coulter

---

whether the law enforcement officer "improperly prolonged [the] [July 15, 2018] traffic stop beyond [the] scope of [the] mission" and violated his Fourth Amendment rights. Mot. 3 (ECF No. 29). Coulter further argues that the officer lacked "reasonable suspicion" because he thought Coulter was a burglar. *Id.* Coulter concludes that the traffic stop and search of his vehicle amounted to little more than a "fishing expedition." *Id.*

4

could establish that the search and seizure were illegal, his federal conviction might be invalid. S*ee Blimline v. Thirty Unknown Emps. of the Sec. & Exch. Comm'n*, 757 F. App'x 299, 302 (5th Cir. 2018) (per curiam) ("It is true that a plaintiff's unlawful search and seizure claim undermines the validity of a conviction. Thus, it is *Heck*-barred if evidence that was a direct or indirect product of the alleged unlawful search and seizure was presented in the plaintiff's criminal conviction proceeding."); *Porter v. Richardson*, 2006 WL 740992, at *3 (N.D. Tex. Mar. 13, 2006) (finding *Heck* barred plaintiff's claims of illegal search and seizure because plaintiff was convicted of possession of a controlled substance); *see also Whitaker v. Garcetti*, 486 F.3d 572, 583-84 (9th Cir. 2007) (finding plaintiff's falsification-of-search-warrant claim was *Heck*-barred when the seizure produced evidence upon which the charge and conviction were based); *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 377 (6th Cir. 2006) (finding *Heck* barred illegal search claim where "[t]he search of Fox yielded the switchblade, which became the subject of a criminal charge of which Fox was convicted"). Coulter's federal conviction is on appeal to the Fifth Circuit, but it has not been invalidated. Therefore, *Heck* bars Coulter's federal illegal-search-and-seizure claim.

## Recommendation

The Court should DENY Coulter's Rule 60(b) motion (ECF No. 29) to reopen this case.

**SO RECOMMENDED**.

September 12, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).